## ROBERT H. CURTIS *vs.* THE AMERICAN BARK DIRIGO.

### June 16, 1906.

*Admiralty Rule 16:* This rule applies to a libel for assault and battery within the jurisdiction of an admiralty court, when the treatment complained of is limited to a single occasion and is without the knowledge of the master, and such a suit must be *in personam*, even though it be brought for breach of the implied contract to treat the libelant humanely as an articled seaman. But where there is a continued course of ill treatment known to and tolerated by the master, the rule does not apply and libels for damages therefor may be brought *in rem.*

*Liability of ship for master's negligence in engaging a mate of known brutal disposition, who afterwards assaults a seaman of such ship:* Whether a ship may be held liable for assault and battery on a seaman, where the master hires a mate, knowing that he has a brutal disposition, who subsequently assaults and beats the seaman,—*quaere.*

*In Admiralty*: Exceptions to libel *in rem.*

*Geo. A. Davis,* Proctor for Libelant.
*Holmes & Stanley,* Proctors for Libellee.

DOLE, J. The libel in this case is *in rem* against the libellee for an assault and battery upon the libelant by the second mate of the libellee while the ship was lying in the port of Honolulu, Territory of Hawaii. The grounds of the exceptions are as follows:

"1. That the allegations in the said libel contained do not disclose any admiralty or maritime claim or lien upon the said bark whereupon an attachment should be founded; and

2. That the court has no jurisdiction in the premises on the ground that the claim set forth in the libel can not be litigated 'in a suit *in rem,* such suit being barred by admiralty rule No. 16."

Admiralty rule 16 is as follows: " In all suits for an assault or beating on the high seas or elsewhere within the Admiralty jurisdiction, the suit shall be *in personam* only."

The admiralty rules are established as rules of practice for the courts of the United States in admiralty and maritime jurisdiction in pursuance of an act of Congress. If this rule applies to this complaint, the court is bound by it.

The libelant complains that such assault and battery was a violation of his contract with the libellee and the duty cast on the owners thereof and the master and officers to treat libelant humanely while upon said vessel as an articled seaman. Counsel for the libelant, referring to admiralty rule 16, cites from *Benedict's Admiralty,* third edition, page 175, which, in referring to the rule providing that all suits for assault and battery or beating must be *in personam* only, uses the following language:

" This is undoubtedly true, where the action is technically for the assault and battery, as a mere tort; but it would seem, on principle, that if the action be brought on the contract, as for not carrying a passenger safely and without injury, or for not treating with proper kindness a passenger or seaman, an assault or beating being the gravamen of the breach, the suit may be *in rem* against the vessel."

Although this expression by Benedict is plausible and appears reasonable, to my mind it is not sufficient to remove a complaint for assault and battery from the rule, for the assault is the whole complaint and calling it a violation of a contract does not essentially change the character of the case except to make it a suit for damages for a breach of contract instead of a suit for damages for a tort. I find no cases which support this citation from Benedict, except under circumstances where there is a continued course of ill treatment known to and tolerated by the master, which is not the fact as alleged in this case.

If such a course of treatment is not within the 16th admiralty rule, it is because it is distinctively a breach of the implied contract to protect the crew from violence, being a course of conduct toward a seaman which is within the power of the master, the representative of the owners, to prevent.

But where a single assault takes place, not in the presence of the master, which he had no opportunity of preventing, there seems no ground for the contention that rule 16 does not apply, even though it is nominally brought for violation of contract instead of in tort, unless it could be held that the ship was liable in that the master representing the owners was guilty of negligence in providing a man of a brutal disposition as second mate, which proposition might be tenable under an allegation that such disposition was known to the master when he engaged him.

Under the first ground of the exceptions there is no allegation in the libel that the assault complained of was known to the master or was in his presence.

The exceptions are allowed on both grounds.